CLARA G. WOODS *vs.* ALAN ALFORD (and a companion case[1]). November 12, 1976. The judgments in these two cases, consolidated for briefing and argument in this court, are not attacked on the merits. The defendant conceded at oral argument (and somewhat less explicitly in his brief) that the reports of the master appointed to hear both cases are adequate to support the judgments. He complains of the revocation on September 26, 1974, of a previous order by another judge directing the master to make certain additional findings and to summarize the evidence underlying his finding on damages. There was undoubted power in the second judge to revoke the order of recommittal by the first judge. *M. DeMatteo Constr. Co.* v. *Board of Appeals of Hingham,* 3 Mass. App. Ct. 446, 457 (1975), and cases and material cited. Nor does the record show an abuse of discretion. The defendant was not entitled to recommittal as a matter of right. He points to no question of law to which the subject matter of the recommittal was relevant; and if the purpose of the order of recommittal was to obtain a summary of the evidence in order to test findings of fact, the defendant had no right to such recommittal because it does not appear that the evidence had been "taken by a reporter selected or approved by the master before any evidence was introduced." Rule 49, par. 7, of the Superior Court (1974) (carrying over this provision from Rule 90 of the Superior Court [1954]).

*Judgments affirmed.*

*Dennis J. Berry* (*Herbert E. Zimmerman* with him) for the defendant.

*Francis D. Morrison* & *John J. Bush, Jr.,* for the plaintiffs.